UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MOYER,

                Plaintiff,

                                          Case No. 2:12-cv-10766-LPZ-MKM

vs.

                                          Hon. Lawrence P. Zatkoff

METROPOLITAN LIFE INSURANCE
COMPANY,

                Defendant.

_____/

| | |
|---|---|
| David B. Grant (P14269) | David M. Davis (P24006) |
| Attorney for Plaintiff | Attorney for Defendant |
| 26555 Evergreen | Hardy, Lewis & Page, P.C. |
| Suite 860 | 401 South Old Woodward Avenue |
| Southfield, Michigan 48076 | Suite 410 |
| Telephone: (248) 353-2860 | Birmingham, Michigan 48009 |
| E-Mail: dbgran@ameritech.net | Telephone: (248) 645-0800 |
| | E-Mail: dmd@hardylewis.com |

_____/

DEFENDANT'S MOTION TO DISMISS THIS ACTION BECAUSE
IT WAS FILED BEYOND THE CONTRACTUAL LIMITATION PERIOD

David M. Davis
Attorney for Defendant
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 410
Birmingham, Michigan 48009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MOYER,

                    Plaintiff,

                                                Case No. 2:12-cv-10766-LPZ-MKM

vs.

                                                 Hon. Lawrence P. Zatkoff

METROPOLITAN LIFE INSURANCE
COMPANY,

                    Defendant.

_____/

| | |
|---|---|
| David B. Grant (P14269) | David M. Davis (P24006) |
| Attorney for Plaintiff | Attorney for Defendant |
| 26555 Evergreen | Hardy, Lewis & Page, P.C. |
| Suite 860 | 401 South Old Woodward Avenue |
| Southfield, Michigan 48076 | Suite 410 |
| Telephone: (248) 353-2860 | Birmingham, Michigan 48009 |
| E-Mail: dbgran@ameritech.net | Telephone: (248) 645-0800 |
| | E-Mail: dmd@hardylewis.com |

_____/

DEFENDANT'S MOTION TO DISMISS THIS ACTION BECAUSE
IT WAS FILED BEYOND THE CONTRACTUAL LIMITATION PERIOD

      NOW COMES the Defendant Metropolitan Life Insurance Company ("MetLife") in the above action, by and through their Attorney, and pursuant to F.R.C.P. 12(b)(6) move that this action be dismissed with prejudice because it was filed untimely, i.e., beyond the contractual limitation period set forth in the Solvay America, Inc., Long Term Disability Plan ("Plan"). In support of this Motion, Defendant states as follows:

      1.      Plaintiff commenced this action against Defendant MetLife on February 20, 2012, contesting MetLife's June 20, 2008 final determination that Plaintiff was not disabled beyond November 7, 2007, as defined by the Plan, and that no long term disability ("LTD") benefits were payable beyond that date.

2.      Solvay America, Inc.("Solvay), administers the Plan. The Plan pays disability benefits to eligible participants commencing after the participant has been totally disabled for 26 weeks. Thereafter, the Plan pays disability benefits for the next 24 months on a self-funded basis. The disability benefit payable after 30 months of disability is an insured benefit and a Plan participant must comply with the terms and provisions of the MetLife certificate of insurance issued by MetLife to Solvay (Group Policy No. 91791-G) ("Certificate") to be eligible to receive such insured benefit.

3.      Under the self-funded portion of the Plan, although MetLife has responsibility for claims administration, including the responsibility for making initial and final eligibility determinations, the disability benefit is payable by Solvay. Under the insured portion of the Plan, MetLife has responsibility for claims administration and the benefit is payable by MetLife.

4.      Plaintiff, a former sales representative for Solvay, last worked on May 11, 2005. Plaintiff's first day of disability was May 12, 2005. In June 2005, Plaintiff applied for LTD benefits. MetLife, the claims administrator, acting pursuant to an administrative services agreement between MetLife and Solvay, approved Plaintiff's claim and Solvay commenced paying LTD benefits to the Plaintiff through November 7, 2007.

5.      By letter dated On October 25, 2007, MetLife advised Plaintiff of its determination that, effective November 8, 2007, Plaintiff would be capable of engaging in a gainful occupation for which he was reasonably qualified taking into account his training education, and experience, the eligibility criteria for continued benefits under the Plan. MetLife explained that it based its determination on the results of an employability analysis as well as a labor market analysis performed by MetLife which identified several occupations that could be performed by Plaintiff. MetLife advised Plaintiff of his ability to appeal from this October 25, 2007 determination.

6.      On March 11, 2008, Plaintiff, through his counsel, appealed from the October 25, 2007 MetLife determination that no LTD benefits were payable beyond November 7, 2007.  As part

- 2 -

of its review of Plaintiff's appeal, MetLife referred the claim file to an independent physician consultant, Board Certified in Pain Medicine and Anesthesia. This physician opined that the medical evidence did not support functional impairments that would preclude Plaintiff from engaging in light employment with sitting, standing and walking to be varied as needed. A second independent physician consultant, Board Certified in Psychiatry, reviewed Plaintiff's claim file and opined that the documentation available did not support a psychiatric impairment to preclude occupational functioning beyond November 7, 2007.

7.      On June 20, 2008, MetLife advised Plaintiff that its original determination was upheld and that no LTD benefits were payable under the Plan beyond November 7, 2007. This was the final adverse determination issued by MetLife regarding Plaintiff's claim for LTD benefits under the Plan.

8.      Plaintiff was determined by MetLife to be disabled for a period of 30 months. After the 26-week waiting period, Plaintiff received LTD benefits for 24 months of disability.

9.      Under the Plan insured LTD benefits are payable to eligible participants after the 30 month Elimination Period. The Elimination Period is defined as the number of consecutive days of disability before the insured LTD benefits become payable and such Period begins on the first day of disability. Thus, Plaintiff's Elimination Period commenced on May 12, 2005 and ended November 7, 2007.

10.     The MetLife Certificate, incorporated in the Plan document and governing the period of time the LTD benefit was insured, provides that Proof of Claim must be given to MetLife no later than 90 days following the end of the Elimination Period. Consequently here, Plaintiff was required to provide Proof of Claim to MetLife by February 9, 2008. The MetLife Certificate further provides that no lawsuit may be started more than 3 years after the time such proof must be given. Plaintiff had to commence his legal action on or before February 8, 2011. Because this action commenced on February 20, 2012, more than one year after the contractual limitation period ended, it is time-

- 3 -

barred. Even measuring from the June 20, 2008 final denial of Plaintiff's claim for LTD benefits, Plaintiff had almost three years to file this action (from June 20, 2008 to February 8, 2011).

11.     Because Plaintiff's action was not filed until February 20, 2012, over a year after the expiration of the contractual limitation period,  his action is untimely and should be dismissed with prejudice.

12.     On April 30, 2012, counsel for Defendant contacted Plaintiff's counsel and requested concurrence in this Motion. Such concurrence was denied making it necessary to bring this Motion on for hearing.

WHEREFORE, Defendant respectfully requests that the above action be dismissed with prejudice and that Defendant be allowed to recover its costs, including reasonable attorney fees necessarily incurred in defending this action.

Respectfully submitted,

s/ David M. Davis
David M. Davis (P24006)
Attorney for Defendant
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 410
Birmingham, Michigan 48009
Telephone: (248) 645-0800
E-Mail: dmd@hardylewis.com

Date: April 30, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MOYER,

                    Plaintiff,

                                                      Case No. 2:12-cv-10766-LPZ-MKM

vs.

                                                      Hon. Lawrence P. Zatkoff

METROPOLITAN LIFE INSURANCE
COMPANY,

                    Defendant.
_____/

David B. Grant (P14269)                      David M. Davis (P24006)
Attorney for Plaintiff                       Attorney for Defendant
26555 Evergreen                              Hardy, Lewis & Page, P.C.
Suite 860                                    401 South Old Woodward Avenue
Southfield, Michigan 48076                   Suite 410
Telephone: (248) 353-2860                    Birmingham, Michigan 48009
E-Mail: dbgran@ameritech.net                 Telephone: (248) 645-0800
                                             E-Mail: dmd@hardylewis.com


_____/


DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS THIS ACTION BECAUSE
IT WAS FILED BEYOND THE CONTRACTUAL LIMITATION PERIOD


                                  David M. Davis
                                  Attorney for Defendant
                                  Hardy, Lewis & Page, P.C.
                                  401 South Old Woodward Avenue
                                  Suite 410
                                  Birmingham, Michigan 48009

TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

STATEMENT OF ISSUES AND CONTROLLING AUTHORITY . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

RELEVANT PROVISIONS OF THE PLAN DOCUMENT GOVERNING THE TIME
        PERIOD WHEN THE LTD BENEFIT IS INSURED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        I.       Defendant's Defense that this Action Was Filed Untimely Is Supported by
                 Sixth Circuit Decisions and Decisions of this Court . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

INDEX OF AUTHORITIES

Legal Decisions

Abena v. Metropolitan Life Ins. Co.,
544 F.3d 880 (7th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Amini v. Oberlin College,
259 F.3d 493 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Bomis v. Metropolitan Life Ins. Co.,
970 F.Supp. 584 (E.D.Mich. 1997) (Hood, J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Clark v. NBD Bank, N.A.,
3 Fed.Appx. 500, 2001 WL 180971 (6th Cir. 2001) (copy attached) . . . . . . . . . . . . . . . . . 7

Doe v. Blue Cross & Blue Shield United of Wisconsin,
112 F.3d 869 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Holder v. Lowe's Long Term Disability Plan,
2010 WL 419983 (E.D.Tenn. January 28, 2010) (copy attached) . . . . . . . . . . . . . . . . . . . . 8

Jackson v. Unum Life Ins. Co. of America,
2003 WL 1142549 (W.D.Mich. January 23, 2003) (copy attached) . . . . . . . . . . . . . . . . . . . 8

Klimowicz v. Unum Life Ins. Co. of America,
296 Fed.Appx. 248, 2008 WL 4531958 (3rd Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Longazel v. Fort Dearborn Life Ins. Co.,
363 Fed.Appx. 365, 2010 WL 323386 (6th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Park v. Unum Life Ins. Co. of America,
702 F.Supp.2d 934 (E.D.Tenn. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rice v. Jefferson Pilot Financial Ins. Co.,
578 F.3d 450 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

White v. Worthington Industries, Inc. Long Term Disability Income Plan,
266 F.R.D. 178 (S.D.Ohio 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>STATEMENT OF ISSUES AND CONTROLLING AUTHORITY</u>

I.      Whether Plaintiff's Action Was Filed Untimely, When the Complaint was Filed

        More Than a Year After the End of the Contractual Limitation Period.

        <u>Rice v. Jefferson Pilot Financial Ins. Co.</u>, 578 F.3d 450 (6th Cir. 2009)

        <u>Longazel v. Fort Dearborn Life Ins. Co.</u>, 363 Fed.Appx. 365, 2010 WL 323386 (6th
        Cir. 2010)

        <u>Klimowicz v. Unum Life Ins. Co. of America</u>, 296 Fed.Appx. 248, 2008 WL
        4531958 (3rd Cir. 2008)

        <u>Abena v. Metropolitan Life Ins. Co.</u>, 544 F.3d 880 (7th Cir. 2008)

        <u>Bomis v. Metropolitan Life Ins. Co.</u>, 970 F.Supp. 584 (E.D.Mich. 1997) (Hood, J.)

        <u>Jackson v. Unum Life Ins. Co. of America</u>, 2003 WL 1142549 (W.D.Mich. January
        23, 2003) (copy attached)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MOYER,

                Plaintiff,

                                         Case No. 2:12-cv-10766-LPZ-MKM

vs.

                                         Hon. Lawrence P. Zatkoff

METROPOLITAN LIFE INSURANCE
COMPANY,

                Defendant.

_____/

| | |
|---|---|
| David B. Grant (P14269) | David M. Davis (P24006) |
| Attorney for Plaintiff | Attorney for Defendant |
| 26555 Evergreen | Hardy, Lewis & Page, P.C. |
| Suite 860 | 401 South Old Woodward Avenue |
| Southfield, Michigan 48076 | Suite 410 |
| Telephone: (248) 353-2860 | Birmingham, Michigan 48009 |
| E-Mail: dbgran@ameritech.net | Telephone: (248) 645-0800 |
| | E-Mail: dmd@hardylewis.com |

_____/

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS THIS ACTION BECAUSE
IT WAS FILED BEYOND THE CONTRACTUAL LIMITATION PERIOD

INTRODUCTION

      Defendant files this motion because this action is filed untimely and should be dismissed.

Plaintiff participated in the Solvay America, Inc., Long Term Disability Plan ("Plan") that provided

disability benefits for eligible participants. Under the Plan, long term disability ("LTD") benefits are

provided by Solvay America, Inc. ("Solvay") on a self-funded basis commencing after 26 weeks of

total disability and continuing for the next 24 months of disability.

      LTD benefits after a 30-month Elimination Period are provided on an insured basis under the

Plan. Under the MetLife Certificate of Insurance issued by MetLife to Solvay (Group Policy No.

G91791) ("Certificate"), incorporated into the Plan document and governing the period of time the

LTD benefit is insured, Proof of claim is required to be submitted to MetLife no later than 90 days

after the end of the 30-month Elimination Period, and no lawsuit can commence after three years from the date Proof of Claim is required.

Plaintiff, a former sales representative for Solvay, participated in the Plan. He last worked on May 11, 2005. Plaintiff's first day of disability was May 12, 2005. Plaintiff received LTD benefits from Solvay under the Plan commencing after 26 weeks of total disability, from November 8, 2005, through November 7, 2007. MetLife, operating under an administrative services agreement between MetLife and Solvay, determined that, effective November 8, 2008, Plaintiff no longer satisfied the criteria for continued receipt of LTD benefits.

Plaintiff commenced this action against Defendant MetLife for continuation of LTD benefits on February 20, 2012, contesting the MetLife June 20, 2008 final determination that Plaintiff was not eligible for LTD benefits beyond November 7, 2007. Under the Plan, insured LTD benefits are payable to eligible participants commencing after the 30-month Elimination Period.  In this case, Plaintiff's Elimination Period ended November 7, 2007. To be eligible for insured LTD benefits, Plaintiff was required to provide Proof of Claim to MetLife on or before February 9, 2008 (no later than 90 days following the end of the Elimination Period). Further, under the terms of the MetLife Certificate, Plaintiff was required to file his lawsuit on or before February 8, 2011 (no lawsuit may be started more than 3 years after the time proof must be given).

This action commenced on February 20, 2012, more than one year after the contractual limitation period ended, and is therefore time-barred. Even measuring from the June 20, 2008 final denial of the LTD benefit, Plaintiff had almost three years to file this action (from June 20, 2008 to February 8, 2011) before the contractual limitation period expired.

STATEMENT OF FACTS

Solvay administers the Plan. Under the Plan, Solvay pays LTD benefits to eligible participants commencing after the participant has been totally disabled for 26 weeks on a self-funded basis. The self-funded LTD benefits are payable thereafter for the next 24 months of disability. After

30 months of disability (the 26 week waiting period and the next 24 months), insured benefits are payable under the Plan in accordance with the MetLife certificate of insurance issued by MetLife to Solvay (Group Policy No. 91791-G) ("Certificate"). The disability benefits payable commencing after 30 months of disability are insured benefits and a Plan participant must comply with the terms and provisions of the MetLife Certificate to be eligible to receive such insured benefits.

A copy of the Summary Plan Description is attached as Exhibit A, AR 922-932.[1] A copy of the Plan document governing the period of time the LTD benefit is insured (including the MetLife Certificate) is attached as Exhibit B, AR 1-49.[2]

For the period of time LTD benefits are self-funded, MetLife has responsibility for claims administration pursuant to an administrative services agreement. However, if MetLife approves payment, the funds are paid by Solvay. For the period of time the LTD benefit is insured, MetLife is the funding source for the benefits and it has discretionary authority to interpret plan provisions and make eligibility determinations.

Plaintiff last worked on May 11, 2005 and commenced a disability leave effective May 12, 2005. In June 2005, Plaintiff applied for LTD benefits. MetLife, the claim administrator, acting pursuant to an administrative services agreement, approved Plaintiff's claim and Solvay commenced paying self-funded LTD benefits effective November 8, 2005, and continued paying benefits to the Plaintiff through November 7, 2007. See MetLife June 20, 2008 letter attached as Exhibit C, AR 391-396.

---

[1]     AR __ refers to page numbers of the Administrative Record that has previously been provided to Plaintiff and filed with the Court.

[2]     Although Plaintiff did not attached a copy of the Plan or the two MetLife denial letters to his Complaint, because he referenced their existence and relies upon them in making his claim against Defendant, the Court can consider their contents with this Motion to Dismiss. See Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001).

By letter dated October 25, 2007, MetLife advised Plaintiff of its determination, that effective November 8, 2007, Plaintiff would be capable of engaging in a gainful occupation for which he was reasonably qualified taking into account his training, education, and experience, the eligibility criteria under the Plan and, therefore, he was not entitled to further benefits under the Plan. See Exhibit A, AR 924. MetLife explained that it based its determination in part, on the results of an employability analysis as well as a labor market analysis, MetLife identified several occupations that could be performed by Plaintiff. MetLife advised Plaintiff of his ability to appeal from this October 25, 2007 determination. A copy of the MetLife October 25, 2007 letter, AR 554-557, is attached as Exhibit D.

On March 11, 2008, Plaintiff, through his counsel, appealed from the October 25, 2007 MetLife determination that no LTD benefits were payable beyond November 7, 2007. See AR 482-500. As part of its review of Plaintiff's appeal, MetLife referred the claim file to an independent physician consultant, Board Certified in Pain Medicine and Anesthesia. This physician opined that the medical evidence did not support functional impairments that would preclude Plaintiff from engaging in light employment with sitting, standing and walking to be varied as needed. See AR 465-470. A second independent physician consultant, Board Certified in Psychiatry, reviewed Plaintiff's claim file and opined that the documentation available did not support a psychiatric impairment along with objective evidence to preclude occupational functioning beyond November 7, 2007. See AR 472-478.

On June 20, 2008, MetLife advised Plaintiff that its original determination was upheld and that no LTD benefits were payable under the Plan beyond November 7, 2007. This was the final adverse determination issued by MetLife regarding Plaintiff's claim for LTD benefits under the Plan. See Exhibit C.

RELEVANT PROVISIONS OF THE PLAN DOCUMENT GOVERNING THE TIME PERIOD WHEN THE LTD BENEFIT IS INSURED

Solvay made available the Plan document governing the period of time the LTD benefit was insured to its employees. See Exhibit B, AR 2. The document included the MetLife Certificate, Exhibit B, AR 3-36, the description of the Early Intervention Program, Exhibit B, AR 38-41, and information required to be disclosed under ERISA, Exhibit B, AR 41-49.

The Claim Procedure is set forth at Exhibit B, AR 19-20. The Plan provides that Proof of Claim must be given no later than 90 days following the end of the Elimination Period:

> C. When Proof of Claim Must be Given
> Written proof of a claim must be given no later than 90 days following the end of the Elimination Period.

Exhibit B, AR 32. The Elimination Period is defined at Exhibit B, AR 14 as 30 months.

The Plan sets a time limit (contractual limitation) for filing a lawsuit:

> E. Time Limits on Starting Lawsuits
> No lawsuit may be started to obtain benefits until 60 days after proof is given
> No lawsuit may be started more than 3 years after the time proof must be given.

Exhibit B, AR 33. Thus, applying the above and considering that Plaintiff's first day of disability was May 12, 2005, Proof of Claim must be provided by February 9, 2008, and any lawsuit cannot be filed later than February 8, 2011. Because Plaintiff did not file this action until February 20, 2012, the action is untimely and should be dismissed.

LEGAL ARGUMENT

I.     Defendant's Defense that this Action Was Filed Untimely Is Supported by Sixth Circuit Decisions and Decisions of this Court

The Sixth Circuit and District Courts in this Circuit have uniformly enforced contractual limitations set forth in employee welfare benefit plans, similar to the one herein, regulated by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001 et seq.  In Rice v. Jefferson Pilot Financial Ins. Co., 578 F.3d 450 (6th Cir. 2009), the court considered

a similar limitation to the one herein. In <u>Rice</u>, the Court found that the plaintiff's claim accrued 270

days from his date of disability:

> Proof of claim, as defined in the contract, must be given within 90 days after the end of the
> Elimination Period, which is defined as 180 days of disability. In other words, Rice's claim
> accrued 270 days from the alleged onset of his disability.

578 F.3d at 456. The court held that in the absence of a controlling statute, an ERISA employee

benefit plan may limit the time period for commencing a legal claim and three years is a reasonable

contractual limitation period:

> "[C]hoosing which statute to borrow is unnecessary when the parties have contractually
> agreed on a limitations period and that limitations period is reasonable." . . . [The Plan] states
> that "[n]o legal action may be brought more than three years after proof of claim is required
> to be given." Both Rice and Jefferson Pilot agree that this language imposes a three-year
> limitation period on Rice's ERISA claim. We have upheld a limitations period of three years
> as reasonable numerous times.

578 F.3d at 454 (internal citations omitted). The court also held that the parties could define the

accrual date of a cause of action:

> We have specifically emphasized the freedom of parties to contract for the details of ERISA
> claims . . . Although there are situations in which a contractual accrual date for ERISA
> claims could be unreasonable, there is nothing in the language of the contract in this case to
> suggest that the contractual accrual date is unreasonable.

578 F.3d at 455-456 (internal citations omitted). The court dismissed plaintiff's action as untimely:

> Rice claims that he became disabled on May 22, 2002, so his claim accrued on February 16,
> 2003. He then had three years from the date his claim accrued to bring legal action against
> Jefferson Pilot. This three-year period expired on February 16, 2006. Rice filed the current
> ERISA claim in federal court on June 8, 2007, more than one year after the limitations period
> expired.

578 F.3d at 456-457 (footnotes omitted). In this case, the contractual limitation provision is similar

to that in <u>Rice</u> and as in <u>Rice</u>, is not unreasonable.

Similarly in <u>Longazel v. Fort Dearborn Life Ins. Co.</u>, 363 Fed.Appx. 365, 2010 WL 323386

(6th Cir. 2010), the court dismissed plaintiff's action as barred based on a contractual limitation

provision similar to that at issue here:

> The district court held that Longazel's action was procedurally barred, because it was
> commenced beyond the three-year limitations period provided by the Plan. The Plan states

that no legal action shall be brought "until 60 days after proof of claim has been given; nor more than 3 years after the time proof of claim is required." As discussed above, the Plan stipulates that a proof of claim is required "no later than 90 days after the end of the elimination period," which is marked as a period of 180 days of consecutive disability. We have previously recognized that the time at which a proof of claim is required may trigger the start of a limitations period in ERISA cases. *See Clark v. NBD Bank,* 3 Fed.Appx. 500, 503-05 (6th Cir.2001) (per curiam) (holding that plaintiff's ERISA action was untimely filed where contract limited time for bringing suit to three years after "written proof of loss [was] required" and refusing to apply equitable tolling because plaintiff "was not diligent in pursuing her rights").

363 Fed.Appx. at 367 (footnote omitted). The court explained that the time period for filing the

lawsuit ran from the date proof of claim was required, and not from the date the defendant denied

plaintiff's claim:

> Longazel has continued to allege that the Defendants failed to acknowledge his claim or the documents offered in proof of it, and that they failed to deny his disability claim until 2006. His arguments miss the mark, however, because any alleged misbehavior on the part of the Defendants regarding the processing of his claim is inapposite to application of the contracted-to limitations period, which depends not on the date his disability claim was denied (an arguably disputed fact), but on the date the proof of claim was required (an undisputed fact). The limitations provision in the Plan was triggered on the date the proof of claim was required, which itself depends on the date on which the elimination period began.

363 Fed.Appx. at 368 (emphasis added). Similarly, in Clark v. NBD Bank, N.A., 3 Fed.Appx. 500,

2001 WL 180971 (6th Cir. 2001), the Court enforced a contractual limitation period requiring the

lawsuit to be filed 3 3/4 years after the date of disability:

> The starting point for applying the LTD plan's limitations period is the language of the plan: "No such action [at law or equity] shall be brought after the expiration of three years after the time written proof of loss is required to be furnished." In this case, the proof of loss was due, at the latest, on October 29, 1992 (nine months after the disabling event). Clark was required, therefore, to file this lawsuit by October 28, 1995. Because she filed this lawsuit nearly three years later, over six years after her disabling injury occurred, her lawsuit was properly dismissed.

3 Fed.Appx. at 503.

This Court in Bomis v. Metropolitan Life Ins. Co., 970 F.Supp. 584 (E.D.Mich. 1997) (Hood,

J.) considered a less generous contractual provision and dismissed the action as being untimely filed:

> The Plan further provides a time limitation in filing suits. (Ex. E to Defendant's brief, p. 18). The Plan states: "No law suit may be started to obtain benefits until 60 days after proof is given." The Plan goes on to state: "No law suit may be started *more than 3 years after the time proof must be given.*" Under the Plan, the latest Plaintiff should have given the proof

- 7 -

of claim was on July 20, 1992. Three years from July 20, 1992, is July 20, 1995. Plaintiff did not file the instant suit until January 26, 1996, well beyond the three year period allowed under the Plan.

970 F.Supp. at 588 (emphasis in original).

See also Holder v. Lowe's Long Term Disability Plan, 2010 WL 419983 (E.D. Tenn. January 28, 2010)(copy attached) (where plan provided for an elimination period of 90 days and required proof of claim within 180 days after the end of the elimination period, any legal action had to be filed within three years and 270 days from the onset of disability.); Jackson v. Unum Life Ins. Co. of America, 2003 WL 1142549 (W.D. Mich. January 23, 2002)(copy attached) (same); White v. Worthington Industries, Inc. Long Term Disability Income Plan, 266 F.R.D. 178, 191 (S.D. Ohio 2010) (same and noting that plaintiff had almost eighteen months after the final decision denying benefits to file the lawsuit); Park v. Unum Life Ins. Co. of America, 702 F.Supp.2d 934 (E.D.Tenn. 2010) (Proof of loss provision was unambiguous, and Plaintiff's claim was barred where the plan provided a 180 day elimination period, proof of disability to be provided within 90 days after the end of the elimination period and legal actions had to be filed within three years from the date proof of disability was required, which gave plaintiff fifteen months after the final decision denying benefits to file the lawsuit.); Abena v. Metropolitan Life Ins. Co., 544 F.3d 880, 883 (7th Cir. 2008) (enforcing plan provision whereby elimination period of ninety days, proof of disability required within three months from the end of the elimination period, and legal actions had to be filed within three years from the date proof of disability was required, which gave plaintiff 7 months after the final denial decision was made in which to file suit); Klimowicz v. Unum Life Ins. Co. of America, 296 Fed.Appx. 248, 2008 WL 4531958 (3rd Cir. 2008) (Plaintiff's claim was dismissed as being untimely when plan provided a 90 day elimination period, proof of disability to be provided within 90 days after the end of the elimination period and legal actions had to be filed within three years

from the date proof of disability was required. Plaintiff had nine months after the final decision denying benefits to file the lawsuit).[3]

Applying the above law, this action was filed untimely. Under the Plan, Plaintiff was required to commence legal action by February 8, 2011. Suit was not filed until February 20, 2012, more than one year after the expiration of the limitation period. Even measuring from the June 20, 2008 final denial of Plaintiff's claim for LTD benefits, Plaintiff had almost three years to file this action (from June 20, 2008 to February 8, 2011) before the contractual limitation period expired.

CONCLUSION

Based on the above, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice because it was untimely filed, i.e., beyond the contractual limitation period.

Respectfully submitted,

s/ David M. Davis
David M. Davis (P24006)
Attorney for Defendant
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue
Suite 410
Birmingham, Michigan 48009

Date: April 30, 2012

---

[3]    The Court in Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 875 (7th Cir. 1997) explained that "[a] suit under ERISA, following as it does upon the completion of an ERISA-required internal appeals process, is the equivalent of a suit to set aside an administrative decision, and ordinarily no more than 30 or 60 days is allowed within which to file such a suit. See, e.g., 33 U.S.C. § 921(a); 42 U.S.C. § 7607(b)(1). Like a suit to challenge an administrative decision, a suit under ERISA is a review proceeding, not an evidentiary proceeding. It is like an appeal, which in the federal courts must be filed within 10, 30, or 60 days of the judgment appealed from, Fed. R.App. P. 4, depending on the nature of the litigation, rather than like an original lawsuit."

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2012, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will  which will send notification of such filing to

David B. Grant, Attorney for Plaintiff, 26555 Evergreen, Suite 860, Southfield, Michigan 48076.

s/David M. Davis
David M. Davis (P24006)
Attorney for Defendant
401 S. Old Woodward Ave., Ste. 410
Birmingham, Michigan 48009
Telephone: (248) 645-0800
Email:  dmd@hardylewis.com

Dated: April 30, 2012