UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MOYER,

        Plaintiff,

vs.

        Case No.12-cv-10766
        HON. GERSHWIN A. DRAIN

METROPOLITAN LIFE INSURANCE CO.,

        Defendant.

_____/

OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS THIS ACTION BECAUSE IT WAS FILED
BEYOND THE CONTRACTUAL LIMITATION PERIOD [#12]

I. INTRODUCTION

On February 20, 2012, Plaintiff filed this complaint, pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 *et seq.*, challenging the decision made by Defendant Metropolitan Life Insurance Co. ("MetLife") to discontinue his long-term disability benefits ("LTD") under his former employer's plan, Solvay America, Inc. Long Term Disability Benefit Plan (the "Plan"). Defendant argues that the complaint should be dismissed because it was filed more than one year after the contractual limitation period ended. For the reasons that follow, the Defendant's motion is GRANTED.

II. FACTUAL BACKGROUND

Plaintiff was employed as a sales representative for Solvay America, Inc. ("Solvay")

until May 11, 2005. Solvay provides its participants with disability benefits under the Plan. The Plan pays LTD benefits to eligible Plan participants after the participant has been disabled for a minimum of 26 weeks. If the Plan participant establishes disability beyond the 26 weeks, the Plan self-funds disability benefits for the next 24 months. The disability benefit payable beyond the Elimination Period of 30 months of disability, is an insured benefit under a certificate of insurance policy ("Certificate") between Defendant and Solvay. Plan participants must comply with the terms and conditions of the Certificate to be eligible for the benefits.

Under the terms of the Certificate, a Plan participant is required to provide Proof of Claim no later than 90 days following the end of the Elimination Period. Furthermore, Plan participants are required to file a lawsuit no later than three years after the time proof must be given.

Plaintiff suffered from a variety of medical issues that prevented him from working in his normal capacity as a sales representative. Compl. ¶11. In June of 2005, Plaintiff applied for LTD benefits and his claim for benefits was approved by Defendant. Plaintiff's benefits continued until November 7, 2007. Plaintiff was sent a letter on October 25, 2007, advising him that Defendant had reviewed the results of an employability analysis and a labor market analysis, and several occupations were identified that Plaintiff could perform. Mot. to Dismiss, pg. 3. The October 25, 2007, letter also informed Plaintiff of his ability to appeal the decision.

On March 11, 2008, Plaintiff appealed the determination that LTD benefits would end on November 7, 2007. Defendant referred the appeal to independent physicians who opined that Plaintiff's impairments did not preclude him from engaging in light employment.

On June 28, 2008, Plaintiff was given a final determination letter stating that he had exhausted his LTD benefits, and that he would receive no further benefits beyond November 7, 2007. *See* Mot. to Dismiss, Ex. C.

Plaintiff was required to provide Proof of Claim on or before February 9, 2008 (90 days following the Elimination Period). Furthermore, Plaintiff was required to file a lawsuit on or before February 8, 2011 (3 years after the Proof of Claim must be given). Plaintiff filed this action on February 20, 2012, more than a year after the contractual limitation had expired.

### III. LAW AND ANALYSIS

#### A.  STANDARD OF REVIEW UNDER 12(b)(6) MOTION TO DISMISS

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations

of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 679.

## B. MOTION TO DISMISS

Defendant argues that Plaintiff's complaint was dilatory because it was filed more than one year outside of the contractual limitations period and is thus time-barred. In general, ERISA claims seeking benefits are not subject to a statute of limitations; therefore, courts normally will borrow the most analogous state statue of limitations to apply. *See Redmon v. Sud-Chemie Inc. Ret. Plan for Union Employees*, 547 F.3d 531, 534-535 (6th Cir. 2008). "[C]hoosing which statute to borrow is unnecessary when the parties have contractually agreed on a limitations period and that limitation period is reasonable." *Med. Mut. of Ohio v. k. Amalia Enters.*, 548 F.3d 383, 390 (6th Cir. 2009); *Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947) ("[I]n the absence of a

controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than prescribed in the general statute of limitations, provided that the shorter period itself shall be . . . reasonable . . . .").

Contrarily, Plaintiff makes several unsuccessful and unsupported arguments as to why his claim is not time barred. First, Plaintiff contends that the Plan did not inform him, in language consistent with ERISA, that the contractual time limitation for legal proceedings would begin to run. Second, Plaintiff argues that pursuant to ERISA, 29 U.S.C. §§ 1022(a) and (b), the Summary Plan Description ("SPD") was not written in a manner easily understood by the average participant or in a manner that would advise Plan participants of their rights and obligations. Third, Plaintiff maintains that Defendant's June 8, 2008, final determination letter did not inform him of the shortened limitation period, and that it lacked the adequacy and specificity required by ERISA,§ 1022(b) for detailing the appeals process. Taken together, Plaintiff argues that various inadequacies in the SPD were the reasons behind his failure to timely file this lawsuit.  The Court disagrees.

It is well settled in this district that reasonable contractual limitations provided for within employee welfare benefit plans are enforceable. *See Rice v. Jefferson Pilot Financial Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009)(holding that without a controlling statute, an ERISA employee benefit plan can reasonably limit the time period for filing a legal claim, and three years is reasonable); *Longazel v. Fort Dearborn Life Ins. Co.*, 363 Fed.Appx. 365, 2010 WL 323386 (6th Cir. 2010)(holding that plaintiff's claim was time barred because it was filed after the three-year limitation period). Defendant provided Plan participants with the SPD that governed the LTD benefits. The document contained the Certificate, Ex. B,

pgs. 4-33, the description of the Early Intervention Program, Ex. B, pgs. 39-42, and information required to be disclosed under ERISA, Ex. B, pgs. 42-50.

The Plan listed in detail the requirements for filing a claim for LTD benefits. The Plan provided that Proof of Claim must be given no later than 90 days following the end of the Elimination Period. See Ex. B, pgs., 20-21. The Plan also defined that the Elimination Period consisted of 30 months. *Id.* at 15. More importantly, the Plan provided the terms of the contractual limitations for filing a lawsuit:

> No lawsuit may be started to obtain benefits until 60 days after proof is given.
>
> No lawsuit may be started more thant 3 years after the time proof must be given.

Ex. B, pgs. 34.

A Plan participant has constructive notice of the contractual limitation period when the SPD proscribes a procedure for the participant to obtain plan documents. *Clark v. NBD Bank, N.A.*, 3 Fed. Appx. 500, 2001 WL 180971 (6th Cir. 2001). In this case, Defendant provided Plaintiff with the necessary information needed to file a claim. Furthermore the SPD provided in detail the process for Plaintiff to retrieve a copy of the entire plan:

> You have the right to examine, without charge and upon proper request, all plan documents and copies of documents filed by the plan with the U.S. Department of Labor, such as annual reports and plan descriptions. You may obtain copies of plan documents and other plan information by written request to the plan administrator. The administrator may make a reasonable charge for any copies you request.

*See* Reply to Mot. to Dismiss, pg. 5. *See also Id.,* Ex. E pg.19.

Plaintiff admitted that he did not request a copy of the Plan document until February 28, 2012: over 3 1/2 years after he received the adverse final determination on June 20,

2008. *See* Plt.'s Resp. to Mot. to Dismiss, pg. 4. Had Plaintiff requested the Plan document upon receiving the adverse final determination, he would have learned of the contractual limitation period for filing a lawsuit. It is not enough for Plaintiff to contend that the SPD was not written in a manner to apprise the average Plan participant of rights afforded by the Plan, when the SPD provided a method for Plaintiff to obtain the entire Plan document. A SPD, by its very nature, cannot include every detail of the plan that it summarizes. *Sprague v. General Motors Corp.*, 133 F.3d 388, 401 (6th Cir. 1988).

Plaintiff was notified by the final determination letter dated June 20, 2008, that his LTD benefits would cease on November 7, 2007. Plaintiff was required – and did not – file proof of his claim, which was due on or before February 9, 2008. Additionally, per the Plan document, Plaintiff was required to file a lawsuit no later than three years after the Proof of Claim was required. Instead, Plaintiff filed this lawsuit on February 20, 2012, more than one year after the contractual limitation period expired. Plaintiff has failed to present any other facts that support his claims that inadequacies in the SPD caused him to file this lawsuit more than one year after the contractual limitation period ended. Accordingly, Defendant's Motion to Dismiss (#12) is GRANTED.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (#12) is GRANTED.

SO ORDERED.

Dated: February 28, 2013  /s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Court Judge